**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AMERICAN SERVICES INSURANCE COMPANY, INC.** | **CIVIL ACTION NO.** |
| **PLAINTIFF** | **JUDGE** |
| **vs.** | |
| **EMMANUEL R. STEPTORE, ANGELINA BROWN, NEW BEGINNING TRANSPORTATION LLC, AND GABRIELLA HILTON** | **MAGISTRATE** |
| **DEFENDANT** | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, American Services Insurance Company, Inc. ("ASIC"), respectfully submits this Complaint for Declaratory Relief against Defendants, Emmanuel R. Steptore ("Steptore"), Angelina Brown ("Brown"), New Beginning Transportation LLC ("New Beginning"), and Gabriella Hilton ("Hilton")[1] (collectively "Defendants"), and alleges and avers upon information and belief as follows:

## PRELIMINARY STATEMENT

1.

This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case or controversy between ASIC and Defendants regarding the parties' respective rights and obligations under insurance policies issued by ASIC concerning injuries allegedly sustained by Hilton and her children and at issue in the civil action styled: *Gabriella Hilton v. Emmanuel R. Steptore, et al.*, 24th Judicial District Court for the Parish of Jefferson, Case No. 796-137 (the "Underlying Litigation"). Copies of the

---

[1]    Individually and on behalf of her minor children Johntreal A. Hilton, Jesus A. Hilton, and Josiah H. Nguyen.

Petition for Damages ("Petition") and Plaintiff's First Supplemental and Amended Petition for Damages (Amended Petition") filed by Hilton in the Underlying Litigation are attached hereto as Exhibits "A" and "B," respectively.

2.

ASIC seeks a judicial declaration and judgment that it owes no duty to defend or indemnify a) Steptore, b) Brown, and c) New Beginning, or to pay any proceeds under the policies issued by ASIC to New Beginning, Commercial Auto Policy No. CA37453P2018 (the "Auto Policy") and Commercial General Liability Policy No. GL37454P2018 (the "General Liability Policy") (together, the "Policies"), for the claims asserted in the Underlying Litigation.

3.

This Complaint for Declaratory Judgment is brought in accordance with 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining a question of actual, immediate controversy between the parties.  An actual case or controversy exists between ASIC and Defendants.

**PARTIES**

PLAINTIFF

4.

Plaintiff, ASIC, is an insurance company organized and existing under the laws of the state of Illinois and maintains its principal place of business in Schaumburg, Illinois. Accordingly, ASIC is a citizen of Illinois.

- 2 -

DEFENDANTS

5.

Defendant, Steptore, upon information and belief, at all pertinent times is a natural person domiciled in and a citizen of the State of Louisiana.

6.

Defendant, Brown, upon information and belief, at all pertinent times is a natural person domiciled in and a citizen of the State of Louisiana.

7.

Defendant, New Beginning, upon information and belief, is a citizen of Louisiana. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). Upon information and belief, New Beginning's sole member is Brown, who is domiciled in, and therefore a citizen of, Louisiana.

8.

Defendant, Hilton, individually and on behalf of her minor children Johntreal A. Hilton, Jesus A. Hilton, and Josiah H. Nguyen, upon information and belief, at all pertinent times is a natural person domiciled in and a citizen of the State of Louisiana.

**JURISDICTION AND VENUE**

9.

This Court has original jurisdiction over this action because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Accordingly, jurisdiction is predicated on diversity of citizenship and the amount in

- 3 -

controversy pursuant to 28 U.S.C. §1332 and the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

10.

While the Petition is silent regarding the specific amount in controversy, it is apparent from the face of the pleadings filed in the Underlying Litigation, as well as the plausible allegations, that the amount in controversy exceeds $75,000, exclusive of interest and costs.[2]  The limits for liability coverage provided by the Auto Policy is a combined single limit of $350,000.  The limits of liability for Coverage A – Bodily Injury And Property Damage Liability of the General Liability Policy is $300,000.  "While an insurance policy coverage limit is not dispositive of the amount in controversy in declaratory judgment actions, *see Hartford Ins. Grp. v. Lou-Con Inc*., 293 F.3d 908, 911-12 (5th Cir. 2002), the fact that the alleged damages and alleged coverage limit both exceed $75,000 sufficiently establishes that the statutory minimum amount in controversy requirement is satisfied." *Great Am. Ins. Co. v. Cumberland Inv. Grp., LLC*, No. 13-4763, 2013 U.S. Dist. LEXIS 152324, at *8-9 (E.D. La. Oct. 23, 2013).  In the Underlying Litigation, Hilton contends she is entitled to recover damages for the mental anguish, psychological pain and emotional distress she suffered as a result New Beginning's driver's, Steptore's, alleged verbal assaults, and "unwelcome[] sexual advances," including placing his hands on her "lower stomach," and "inside of [Hilton's] shorts and into her vagina," while transporting Hilton from her home to her National Alliance Mental Illness ("NAMI") appointment.  Petition at ¶VII.  Hilton alleges that New Beginning was negligent in various respects, including in its supervision and/or training of Steptore, and states claims for negligence, intentional infliction of emotional distress, and sexual

---

[2]   ASIC, for purposes of providing factual information only and without admitting the truth of any claim or allegation asserted therein, pursuant to Rule 10 of the Federal Rules of Civil Procedure, adopts by reference the entirety of Exhibits A and B as if copied herein.

assault and battery against Steptore, Brown, and New Beginning.  *Id.* at ¶¶ XVI, XVII, XVIII. The Petition seeks damages for Hilton's alleged physical pain and mental anguish, psychological pain and suffering, and emotional distress as well as damages for loss of consortium, and intentional infliction of emotional distress.  *Id.* at ¶¶ XXI, XXII.  Hilton further seeks damages for unspecified medical and life care expenses.  *Id.* at ¶ XXI.  These allegations establish that the damages Hilton seeks exceed $75,000.00.  *See Alfred v. Butler*, 2009-0441 (La. App. 3 Cir. 11/4/09); 28 So.3d 1089 ($500,000 awarded to a 72-year-old physical therapy patient who was sexually assaulted, battered and raped by rehab center's transportation van driver while being transported home from rehab center); *Audrey Ann Mojure Barrios v. Kody Marine, Inc. et al.*, No. 99-1623, 2000 U.S. Dist. LEXIS 6026 (E.D. La. April 18, 2000) ($165,000 jury verdict for plaintiff who was subjected to sexual harassment by her employer that involved touching of her breast and other areas of her body);  *Ashmore v. Hilton*, 2002-0816 (La. App. 3 Cir. 12/11/02); 834 So.2d 1131, *reh'g denied* (2/12/03), *writs denied*, 2003-0746 (La. 5/9/03); 843 So.2d 401 and 2003-0750 (La. 5/9/03); 843 So.2d 402 ($153,000.00 in damages for emotional distress, depression, and anxiety awarded to sixteen-year-old girl who was sexually assaulted and raped while assisting inmate who was trusted working unsupervised at community center); *Baumeister v. Plunkett*, 95-2270 (La. 5/21/96); 673 So.2d 994 ($265,000 verdict returned in jury trial in favor of plaintiff-technician who was sexually assaulted by the hospital nursing supervisor while in the nurse's lounge) (Supreme Court of Louisiana reversed judgment against hospital because employee's acts were not within the scope of employment).  Accordingly, it is facially apparent that, based on the Policies at issue and petitions filed in the Underlying Litigation, the amount in controversy plausibly exceeds $75,000 in light of the nature of the injuries alleged and the damages sought.

11.

Considering the above, complete diversity exists between Plaintiff and Defendants.  The amount in controversy for the claims presented exceeds $75,000.00, exclusive of interest and costs.  Accordingly, this Honorable Court has jurisdiction over this civil action in accordance with 28 U.S.C. §1332.

12.

Venue is proper in this Court under 28 U.S.C. §1391(b).  Upon information and belief, Defendants are all domiciled in this judicial district.  Additionally, a substantial part of the events giving rise to this claim occurred in this judicial district.  The Policies issued by ASIC to New Beginning were brokered in Gretna, Louisiana and the Underlying Litigation is pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## ALLEGATIONS OF UNDERLYING CLAIM

13.

On June 11, 2019, Hilton filed suit against Defendants in the 24th Judicial District Court for the Parish of Jefferson, Louisiana.  According to the Petition, Steptore was an employee of New Beginning acting within the scope of his employment as a driver.  Plaintiff avers that she was enrolled as a patient at the NAMI in Harvey, Louisiana, and utilized New Beginning's transportation service for transportation to and from her mental health appointments at NAMI.

14.

Hilton claims that on or about June 12, 2018, Steptore allegedly transported her from her home to her NAMI appointment.  Hilton claims that during the trip Steptore verbally harassed her and also physically and sexually assaulted her on multiple occasions by placing his hands on her.  Specifically, Plaintiff avers in her Petition that immediately upon entering Steptore's

- 6 -

vehicle he harassed her by making statements such as "[d]o you dress like this for all your drivers?" and "[t]hose shorts fit you good." Exhibit A, *Petition* at ¶VI.  Hilton further asserts that Steptore continued his "unwelcomed sexual advances" and placed his hand on her lower stomach and "also viciously assaulted her by placing his hand inside of Plaintiff Hilton's shorts and into her vagina." *Id.* at ¶VII.  Hilton claims to have pleaded with Steptore to stop and that Steptore did not stop until he noticed a police vehicle in close proximity. *Id.* at ¶¶ VIII & IX.

15.

Hilton further claims that Steptore again sexually assaulted her during the return trip. Plaintiff claims that after her appointment she, visibly medicated, found Steptore waiting to bring her home.  *Id.* at ¶¶ X & XI.  Plaintiff avers that "[u]pon…entering the vehicle, Defendant Steptore immediately places his hand on Plaintiff Hilton's leg and states 'Awh my poor baby, they done drugged my baby up.'"  *Id.* at ¶XII.  Hilton asserts that she refused Steptore's advances to no avail and that Steptore "slapped Plaintiff Hilton on the buttocks" and told her '[n]ot to tell anyone about us' before he drove away." *Id.* at ¶XIII.

16.

The Petition asserts that Hilton notified her mother of the incident and later alerted the NAMI staff of the incidents.  Hilton reported the incident to Jefferson Parish Sheriff's Office on June 13, 2018, which "ultimately issued an arrest warrant for Defendant Steptore." *Id.* at ¶¶ XIV and XV.

17.

The Petition asserts claims for negligence, intentional infliction of emotional distress, and sexual assault and battery against Steptore, Brown, and New Beginning.

PD.28027586.1

18.

Hilton's negligence count asserts, as follows:

The incident described above, and the injuries and damages sustained by Plaintiff resulting therefrom, were proximately and legally caused by the fault, including negligence, of NEW BEGINNING TRANSPORTATION, LLC[]; ANGELINA BROWN AND XYZ INSURANCE; due to their failure to care for Plaintiff during the times in which she was in their custody, in a proper, prudent, and safe manner, including, but not limited to, the following acts of omission and commission:

a)   Failing to provide a safe environment for patients under their care, such as Plaintiff;

b)   Failing to provide adequate supervision and monitoring of Emmanuel Steptore, who was allowed extensive unsupervised access to mental health patients;

c)   Negligently hiring and entrusting the care of Plaintiff to Defendant, Emmanuel R. Steptore;

d)   Failing to provide adequate training;

e)   Failing to institute and implement policies for the protection of patients;

f)   Failing to investigate allegations of inappropriate conduct;

g)   Failing to properly investigate individuals such as Emmanuel R. Steptore who would have unrestricted access to mental health patients;

h)   Failing to warn Plaintiff or other patients of the dangerous sexual propensities of Emmanuel R. Steptore;

i)   Hiring and retaining Emmanuel R. Steptore for a position of trust and confidence as a driver in direct contact with passengers who were mental health patients when they knew or should have known of his dangerous sexual propensities;

j)   Failing to take the actions necessary to avoid the sexual assault and battery of Plaintiff;

k)   Failing to properly monitor and train employees, including Emmanuel Steptore;

l)   Failing to use due care and caution under the circumstances; and

m)   All other acts of negligence that will be shown at the trial of this matter.

All of the aforementioned acts of omission and commission are in violation of reasonable standards of care, the dictates of common sense, and the applicable ordinances and statutes for the Parish of Jefferson and/or the State of Louisiana, all of which are pleaded herein *in extenso*.

*Id*. at ¶XVI.

19.

Hilton's intentional infliction of emotional distress count asserts, as follows:

For a trusted driver and transportation provider to harass and sexually assault a pregnant mental health patient constitutes extreme and outrageous conduct.  For the transportation company to assign driving assignments that the driver used to in his sexual predations constitutes extreme and outrageous conduct. Defendants, NEW BEGINNING TRANSPORTATION, LLC and ANGELINA BROWN intentionally caused severe emotional distress to Plaintiff and Plaintiff suffered severe injuries as a direct and proximate result.

*Id*. at ¶XVII.

20.

Hilton's sexual assault and battery count asserts, as follows:

Plaintiff was a pregnant mental health patient at all times relevant herein. Emmanuel R. Steptore used his position as a driver for New Beginning Transportation to commit sexual assault and sexual battery of Plaintiff. Emmanuel R. Steptore committed these acts intentionally and knowingly; while using his responsibility as a transportation driver to perpetrate these crimes. Emmanuel R Steptore's misconduct was known, or with the exercise of reasonable care should
have been known by NEW BEGINNING TRANSPORTATION, LLC, and ANGELINA BROWN.

*Id.* at ¶XVIII.

21.

Hilton asserts New Beginning :managed, maintained, supervised, and had custody and control" over its employees including Steptore, "which contributed to Plaintiff's abuse."  *Id.*  at ¶XIX.

22.

Hilton asserts that Steptore, Brown, and New Beginning are indebted jointly, severally, and in solido, to her for their "egregiously wrongful conduct [which] resulted in and proximately caused injury to the Plaintiff.  Plaintiff seeks all damages allowed in the State of Louisiana in an

- 9 -

amount within the jurisdictional limits of the Court.  The damages include past and future physical pain and mental anguish, past and future severe psychological pain and suffering[,] past and future emotional distress, and past and future medical and life care expenses." *Id*. at ¶XXI. Plaintiff also asserts entitlement to "unliquidated damages" for the harm caused by the gross negligence of the named defendants and that her minor children "have sustained loss of consortium damages, loss of support, and loss of services as a result of the accident which injured their mother." *Id*. at ¶XXII.

23.

Plaintiff amended her suit by filing the Amended Petition to include her minor children as proper party plaintiffs pursuant to Louisiana Code of Civil Procedure articles 2315 (B) and 2315.2. *See*, Exhibit B, Amended Petition, at ¶2.

24.

Hilton's Amended Petition also adds and expands upon the alleged loss of consortium claims asserted in the Petition.  *Id*. at ¶3.  Specifically, Hilton asserts that at the time of the assaults by Steptore that she was pregnant with Josiah H. Nguyen and the mother to the minor child Johntreal A. Hilton and the minor child Jesus A. Hilton.  *Id*.  Hilton claims that her children suffered individual damages in the form of loss of consortium, services, society and support, as a result of the injuries that their mother, Hilton, sustained, and "for which defendants are justly and truly indebted jointly, severally, in solido and/or proportionately as are reasonable in the premises."  *Id*.  Hilton further claims that Defendants "are indebted jointly, severally, and in solido, to Gabriella Hilton. Defendants' egregiously wrongful conduct resulted in and proximately caused injury to the Plaintiff.  Plaintiff seeks all damages allowed in the State of Louisiana in an amount within the jurisdictional limits of the Court.  The damages include past

- 10 -

and future physical pain and mental anguish, past and future severe psychological pain and suffering[,] past and future emotional distress, and past and future medical and life care expenses.  Plaintiff seeks unliquidated damages that are within the jurisdictional limits of the Court for the harm caused by Defendants' gross negligence."  *Id.*

**ASIC COMMERCIAL AUTO COVERAGE**

25.

ASIC issued Policy No. CA37453P2018 to New Beginning for the period February 28, 2018 to February 28, 2019, which provides commercial auto coverage subject to certain terms, conditions, limitations, and exclusions.  A copy of the Auto Policy (with premium information redacted) is attached to this Complaint as Exhibit "C."  ASIC, pursuant to Rule 10 of the Federal Rules of Civil Procedure, adopts and incorporates by reference the entirety of Exhibit C.

26.

The Insuring Agreement of the Auto Policy, as modified by Louisiana Changes (Form CA 01 03 10 13), provides, in pertinent part, as follows:

**BUSINESS AUTO COVERAGE FORM**

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

\*        \*        \*

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A.  Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused

- 11 -

by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

27.

The Auto Policy contains the following definition of "accident," "auto," bodily injury,"

"insured," and "loss":

### SECTION V – DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:

   **1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

   **2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

   However, "auto" does not include "mobile equipment".

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

*        *        *

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

- 12 -

*     *     *

**J.** "Loss" means direct and accidental loss or damage.

28.

Item Two - Schedule Of Coverages And Covered Autos of the Auto Policy Declarations states that "[t]his policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those 'autos' shown as covered 'autos'. **'Autos' are shown as covered 'autos' for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.**" Symbols 2, 8, and 9 are shown next to the "Liability" coverage, which are described in Section I – Covered Autos of the Auto Policy as:

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 3 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 4 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 5 | Owned "Autos" Subject To No-fault | Only those "autos" you own that are required to have no-fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have no-fault benefits in the state where they are licensed or principally garaged. |
| 6 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

- 13 -

29.

The Auto Policy is subject to various exclusions to which the insurance provided by the Auto Policy does not apply.

30.

The Auto Policy contains the "Expected Or Intended Injury," which provides, as follows:

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

31.

The Auto Policy also contains the Punitive Damages Exclusion (Form CBA 50 04 05 16), which modifies the Business Auto Coverage Form to include the following exclusion:

**Punitive or Exemplary Damages Exclusion**

This policy does not apply to a claim of or indemnification for punitive or exemplary damages.  If a suit shall have been brought against the insured for a claim falling within the coverages provided under this policy, seeking both compensatory and punitive or exemplary damages, then we will afford a defense to such action.  We will not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.  If state law provides for statutory multiple damages awards, we will pay only the amount of the award before the multiplier is applied.

32.

The Auto Policy contains the Abuse Or Molestation Exclusion (Form CBA 50 05 05 16), which modifies the Business Auto Coverage Form to include the following exclusion:

**Abuse or Molestation Exclusion**

This insurance does not apply to any claims, "suits", accusations or charges or any loss, cost or expense for "bodily injury" or "property damage" arising out of:

- 14 -

1.  The actual or threatened abuse or molestation of any persons; or

2.  The negligent hiring, employment, placement, training, supervision, investigation, reporting to the proper authorities, retention of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **1.** above.

Abuse and molestation includes but is not limited to any verbal or nonverbal communication, behavior, or conduct with sexual connotations, infliction of physical, emotional, or psychological injury or harm whether for gratification, discrimination, intimidation, coercion, or other purposes, regardless of whether such action or resulting injury is alleged to be intentionally or negligently caused.

## COMMERCIAL GENERAL LIABILITY COVERAGE

33.

ASIC issued to New Beginning Policy No. GL37454P2018 for the period February 28, 2018 to February 28, 2019, which provides commercial general liability coverage subject to certain terms, conditions, limitations, and exclusions.  A copy of the General Liability Policy (with premium information redacted) is attached to this Complaint as Exhibit "D."  ASIC, pursuant to Rule 10 of the Federal Rules of Civil Procedure, adopts and incorporates by reference the entirety of Exhibit D.

34.

The Insuring Agreement of the General Liability Policy, as modified by Louisiana Changes – Insuring Agreement (Form CG 01 25 03 03), provides, in pertinent part, as follows:

**SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

**a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may, at our discretion,

investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section **III –** Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C.**  However, using up the Medical Expense Limit does not end our right and duty to defend.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.**  This insurance applies to "bodily injury" and "property damage" only if;

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period;

\*        \*        \*        \*

35.

The General Liability Policy contains the following definition of "auto," "bodily injury," "occurrence," and "property damage":

**SECTION V- DEFINITIONS**

\*        \*        \*

**2.** "Auto" means:

**a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

**b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

- 16 -

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*　　\*　　\*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*　　\*　　\*

**17.** "Property damage" means:

> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

> **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\*　　\*　　\*

36.

The General Liability Policy is subject to an "Expected Or Intended Injury" Exclusion, which provides:

**2.   Exclusions**

This insurance does not apply to:

**a.   Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

37.

The General Liability Policy contains an "Aircraft, Auto Or Watercraft" Exclusion (the "Auto Exclusion"), which provides:

- 17 -

**2. Exclusions**

This insurance does not apply to:

*          *          *

**g.  Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

**(1)** A watercraft while ashore on premises you own or rent;

**(2)** A watercraft you do not own that is:

    **(a)** Less than 26 feet long; and

    **(b)** Not being used to carry persons or property for a charge;

**(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

**(4)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

**(5)** "Bodily injury" or "property damage" arising out of:

    **(a)** The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged; or

    **(b)** The operation of any of the machinery or equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment".

38.

The General Liability Policy is subject to an Abuse Or Molestation Exclusion (Form No. CG 21 46 07 98), which provides:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1.** The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

**2.** The negligent:

    **a.** Employment;

    **b.** Investigation;

    **c.** Supervision;

    **d.** Reporting to the proper authorities, or failure to so report; or

    **e.** Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** above.

39.

The General Liability Policy is subject to a Punitive Damages Exclusion Endorsement (Form No. GL 00 03 05 16), which adds to Paragraph 2., Exclusions of Section I-Coverage A-Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I-Coverage B-Personal And Advertising Injury Liability, the following exclusion:

This insurance does not apply to any fines, penalties, punitive or exemplary damages. However, we will defend any suit that alleges compensatory and punitive or exemplary damages.

40.

The General Liability Policy is subject to an endorsement entitled Exclusion - Assault Or Battery (Form No. GL 00 04 05 16), which modifies the General Liability Policy to provide:

**A.** This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of or resulting from:

    **1.** any actual, threatened or alleged assault or battery committed by any insured;

    **2.** the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery;

- 19 -

**3.** the failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any assault or battery;

**4.** the rendering of medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any assault or battery;

**5.** The negligent:

    **a.** employment;

    **b.** investigation;

    **c.** supervision;

    **d.** training;

    **e.** retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **A.1., 2., 3.,** or **4.** above;

**6.** the vicarious liability of any insured arising out of **A.1., 2., 3.,** or **4.** above;

**7.** any other cause of action or claim arising out of or as a result of **A. 1., 2., 3., 4.,** or **5.** above.

**B.** We shall have no duty to defend or indemnify any claim, demand, suit, action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunction relief, or administrative relief where:

**1.** Any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause;

**2.** Any actual or alleged injury arising out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of injury; or

**3.** Any actual or alleged injury arising out of assault or battery as a concurrent cause of injury, regardless of whether the assault or battery is the proximate cause of injury.

**C.** This exclusion does not apply to assault or battery committed by any insured, or by a person for whom any insured is or ever was legally responsible, resulting from the use of reasonable force to protect person or property.

- 20 -

## COUNT I - REQUEST FOR DECLARATORY RELIEF

41.

ASIC avers and incorporates by reference all previous paragraphs, including paragraphs 1 through 40, of this Complaint as if set forth fully herein.

42.

An actual and present controversy exists between the parties regarding whether coverage is afforded under the Policies for the claims made and damages sought in the Underlying Litigation.  The Court's declaration regarding these issues will confer certainty on the parties with respect to their rights and obligations under the Policies.

43.

Pursuant to the allegations of the Underlying Litigation and provisions of the Policies, ASIC is entitled to a judicial declaration and judgment that it owes no duty to defend or indemnify Steptore, Brown, and New Beginning, or to pay any proceeds under the Auto Policy and the General Liability Policy for the claims asserted in the Underlying Litigation.

44.

ASIC is entitled to a judicial declaration that coverage for claims asserted in the Underlying Litigation are excluded by one or more exclusions in the Policies.

AUTO POLICY

45.

The Insuring Agreement of the Auto Policy provides that ASIC "will pay all sums an 'insured' legally must pay as damage because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'."  Hilton alleges that Steptore transported her from her residence to her

- 21 -

appointments and over the course of that trip, made sexual contact with her.  Hilton's alleged injuries do result from the ownership, maintenance, or use of a covered "auto."

46.

The Auto Policy defines "accident" to include "continuous or repeated exposure to the same conditions resulting in 'bodily injury' or 'property damage'."  The actions of Defendants alleged in the Underlying Litigation are intentional in nature and do not relate to an "accident."

47.

Hilton's injuries are premised upon the allegations that Steptore sexually assaulted her when he transported her to and from her mental health appointment.  Pursuant to the terms of the Abuse Or Molestation Exclusion of the Auto Policy, such acts would constitute abuse and/or molestation such that Hilton's allegations of "bodily injury" arise out of the abuse or molestation.  Hilton's negligence claim against New Beginning also arises out of the abuse or molestation and/or arises out of New Beginning's negligent hiring and retention of Steptore.

48.

Hilton's claims in the Underlying Litigation relate to "bodily injury" expected or intended by Defendants, and, therefore, are precluded from coverage by the Expected Or Intended Injury Exclusion of the Auto Policy.

49.

Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, ASIC seeks a judicial declaration that it owes no duty under the Auto Policy to defend Steptore, Brown, and New Beginning or to indemnify and/or pay insurance proceeds to Defendants in connection with the Underlying Litigation based on the fact that the Underlying Action does not assert a claim for "bodily injury" caused by an "accident" and resulting from the ownership, maintenance or use of

- 22 -

a covered 'auto'," and that coverage for any "bodily injury" that is alleged is excluded based on the Expected Or Intended Injury Exclusion and Abuse Or Molestation Exclusion.

GENERAL LIABILITY POLICY

50.

The Insuring Agreement of the General Liability Policy provides that ASIC "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  The "bodily injury" must be caused by an "occurrence" and the "bodily injury" must take place during the policy period. "Occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  Hilton's claims asserted in the Underlying Litigation are intentional in nature and do not relate to an accident as set forth in the "occurrence" definition.

51.

Hilton's injuries, again, are premised upon a claim for assault and battery by Steptore, who is alleged to have sexually assaulted Hilton to and from a mental health appointment.  As such, the allegations of the Underlying Litigation are for "bodily injury" arising out of or resulting from an assault or battery and are, therefore, excluded from coverage by the Assault Or Battery Exclusion of the General Liability Policy.  The negligence claims are similarly excluded by the Assault Or Battery Exclusion as those claim(s) arise from the assault itself and/or arise out of or results from New Beginning's negligent hiring, supervision, training, and retention of an employee.

52.

Hilton's injuries are premised upon the allegations that Steptore sexually assaulted her when he transported her to and from her mental health appointment.  Pursuant to the terms of the

Abuse Or Molestation Exclusion of the General Liability Policy, such acts would constitute abuse and/or molestation such that Hilton's allegations of "bodily injury" arise out of the abuse or molestation.  Hilton's negligence claim against New Beginning also arises out of the abuse or molestation and/or arises out of New Beginning's negligent hiring and retention of Steptore.

53.

Hilton's claims also relate to expected or intended "bodily injury" and, therefore, are precluded from coverage based on the Expected Or Intended Injury Exclusion of the General Liability Policy.

54.

Pursuant to the General Liability Policy's Auto Exclusion, coverage is not available for bodily injury or property damage "arising out of the ownership, maintenance, use or entrustment to others of any … 'auto' … owned or operated by or rented or loaned to any insured."  To the extent Hilton's alleged injuries arise out of the ownership, maintenance, use or entrustment to others of any auto owned or operated by or rented or loaned to any insured, they are excluded by the General Liability Policy's Auto Exclusion.

55.

Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, ASIC seeks a judicial declaration that it owes no duty under the General Liability Policy to defend Steptore, Brown, and New Beginning or to indemnify and/or pay insurance proceeds to Defendants in connection with the Underlying Litigation on the basis that the Underlying Litigation does not assert a claim for "bodily injury" or "property damage" caused by an "occurrence" within the scope of the General Liability Policy's Insuring Agreement or, in the alternative, that coverage for any "bodily injury" that is alleged is excluded based on the Assault Or Battery Exclusion, Abuse Or

Molestation Exclusion, Expected Or Intended Injury Exclusion, and the Auto Exclusion.

56.

There may be other exclusions and coverage defenses which may be revealed during discovery in this action, such that all terms, conditions, exclusions and other provisions in the Policies are incorporated herein as defenses to any claims of coverage by Defendants.  ASIC pleads all other conditions, terms, warranties, limitations, definitions, and exclusions of the Policies which may be found to be applicable to the Underlying Litigation, and it reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

57.

Based on the above, there presently exists a justiciable controversy between the parties as to the rights and obligations of ASIC and Defendants.  Under 28 U.S.C. §2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, American Services Insurance Company, Inc., hereby prays that Defendants be cited to appear and answer this complaint within the delays fixed by law and that this Honorable Court grant the following relief:

1. that the Policies do not afford insurance coverage in connection with the Underlying Litigation;

2. that American Services Insurance Company, Inc. has no obligation, contractual or otherwise, to defend or provide coverage for any attorneys' fees or costs incurred by Emmanuel R. Steptore, Angelina Brown, and New Beginning Transportation, LLC in connection with the Underlying Litigation;

- 25 -

3. that American Services Insurance Company, Inc. has no duty to make any indemnity payment, pay any damages awarded in favor of any party to the Underlying Litigation, or pay any amount that any party agrees to pay in settlement in connection with the Underlying Litigation; and

4. for all such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   _/s/ **Thomas H. Peyton**_
      Jay Russell Sever (Bar #23935)
      Thomas H. Peyton (Bar #32635)
      Canal Place | 365 Canal Street, Suite 2000
      New Orleans, Louisiana 70130-6534
      Telephone: 504-566-1311
      Telecopier: 504-568-9130
      Email: jay.sever@phelps.com
           thomas.peyton@phelps.com

**ATTORNEYS FOR AMERICAN SERVICES INSURANCE COMPANY, INC.**